IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO SANTOS, | : | 1:12-cv-296 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| WAYNE COUNTY | : | |
| CORRECTIONAL FACILITY, | : | |
| *et al.*, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

**March 12, 2012**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Carlson (Doc. 4) filed on February 21, 2012 that recommends the *pro se* Petitioner Francisco Santos' ("Petitioner or "Santos")  petition for writ of habeas corpus be denied without prejudice to the filing of a separate civil action challenging his prison placement decision.  Objections to the R&R were due by March 9, 2012, and to date none have been filed.  Accordingly, this matter is ripe for our review.  For the reasons that follow, we shall adopt the R&R in its entirety, deny the petition, and close this case.

**I.     STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

In this *pro se* petition, Santos, a state inmate housed in the Wayne County Correctional Facility, invites the Court to use the writ of habeas corpus for an end far removed from its intended purpose. Specifically, Santos urges the Court to issue a writ of habeas corpus which would regulate the conditions of his current confinement and direct the respondents to transfer him to a prison which, *inter*

*alia*, has better vending machines in the prison visitation room.  The petition does not challenge the duration and lawfulness of the Petitioner's confinement, which is the proper use of a 28 U.S.C. § 2241 petition.  *See Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002); *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).  As aptly noted by Magistrate Judge Carlson, courts have repeatedly held that where a petitioner wishes to constitutionally challenge some aspect of the conditions of his confinement unrelated to the fact or duration of his detention, habeas corpus is not the appropriate method.  (Doc. 4, pg. 5, collecting cases).  Accordingly, we shall adopt the Magistrate Judge's recommendation that the petition be denied without prejudice to Santos filing a separate civil action under 42 U.S.C. § 1983 if he believes he has suffered a violation of his constitutional rights.

As we have already mentioned, the Petitioner has not filed objections to this R&R.  Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety.  With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.  An appropriate Order shall issue.